```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


KATRINA WILLIAMS,                  )
                                   )
Plaintiff,                         )
                                   )
vs.                                )        No. 2:10-CV-317
                                   )
HORSESHOE HAMMOND LLC., et al.,    )
                                   )
Defendants.                        )
```

OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendants Indiana Gaming Commission ("IGC"), Karl Madayag ("Madayag"), and Mike Drohosky ("Drohosky"), on February 1, 2011. For the reasons set forth below, the Motion to Dismiss is **GRANTED.** The Clerk is **ORDERED** to **DISMISS** Defendants Indiana Gaming Commission, Madayag, and Drohosky with prejudice.

BACKGROUND

On June 30, 2010, Katrina Williams ("Williams") filed a complaint naming as Defendants Horseshoe Hammond LLC ("Horseshoe"), and "John Doe, John Doe, Jane Roe Private Security Police Officers who at all times acted under the color of state law." Williams' complaint concerns events occurring at Horseshoe on November 12, 2008, and, pursuant to 42 U.S.C. section 1983, claims violations of her First, Fourth, Eighth and Fourteenth Amendment rights. The body of the complaint suggests that the Doe and Roe defendants are

Private Security Police Officers from the IGC, but the IGC is not listed as a Defendant. The complaint mentions "Officer States[1]" by name and badge number (Badge #108), and even lists "Officer States" in the "parties" section of the complaint, but does not include "Officer States" in the caption. Horseshoe removed the case to federal court and filed an answer. An amended answer was filed with leave of Court on September 28, 2010.

On November 17, 2010, Williams filed an amended complaint adding Myiesha Spates, Karl Madayag, Mike Drohosky and the IGC as Defendants. That complaint was filed more than 21 days after the initial complaint and without leave of court or the written consent of the opposing party. See Fed. R. Civ. P. 15(a). Accordingly, the amended complaint was stricken.

On November 29, 2010, Williams filed a "Joint Stipulation for Leave to Amend Complaint" which represented that opposing counsel did not object to amendment of the complaint. The motion was not, however, filed jointly, as it lacks the signature of counsel for Horseshoe. The Court granted Williams' request to file an amended complaint, and the amended complaint was filed on November 30, 2010. After the amended complaint was filed, Horseshoe's attorney indicated in writing that he had not been notified that a joint

---

[1] This appears to be a misspelling referencing the later-named Defendant, Myiesha Spates, although even when Spates was named in the Amended Complaint, Plaintiff continued to list a John Doe defendant utilizing badge number 108.

motion was going to be filed and did not authorize the filing of a joint motion.

The instant motion to dismiss was filed on behalf of three of the four defendants who were first named in the amended complaint.[2] The motion alleges that IGC is entitled to sovereign immunity and is not a "person" subject to suit under section 1983. Additionally, the motion alleges that all of Williams' claims are barred by operation of the applicable statute of limitations. The motion is now fully briefed and ripe for adjudication.

DISCUSSION

A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

---

[2] The attorneys appearing on behalf of the moving defendants also initially appeared on behalf of Myiesha Spates as well and then realized that the appearance was entered in error. Attorneys Voight and Branic were allowed to withdraw, and the instant motion is therefore not made on behalf of Spates.

Sovereign Immunity

Williams concedes that the IGC is not a "person" under section 1983 and that it is entitled to sovereign immunity.  Accordingly, IGC is **DISMISSED WITH PREJUDICE.**

Statute of Limitations and Relation Back of the Amended Complaint

Defendants Madayag and Drohosky argue that the suit must be dismissed against them as well, as the amended complaint was filed outside of the applicable statute of limitations, and the complaint does not relate back under Federal Rule of Civil Procedure 15(c).

Each of the Plaintiff's claims is brought pursuant to 42 U.S.C. section 1983 and stem from an incident that occurred on November 12, 2008.  The statute of limitations for claims made pursuant to 42 U.S.C. section 1983 in Indiana is two years.  *See Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *see also Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985).  The parties agree that Williams' claims accrued on the date Williams was allegedly falsely arrested and/or imprisoned.[3]  (*See* DE 32 at 8, citing  *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir.

---

[3]Defendants IGC, Madayag and Drohosky argue that each and every claim against them must be dismissed because the claims were filed outside of the applicable statute of limitation and do not relate back.  The only accrual date discussed by the parties is the date of the alleged false arrest and/or imprisonment, November 12, 2008.  Because Plaintiff does not suggest any alternative accrual date for any of her claims, it is presumed that Plaintiff concedes that all claims accrued on November 12, 2008.

2006); DE 35 at 3, citing *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008)). Williams' complaint asserts that she was falsely arrested and imprisoned on November 12, 2008. The first attempt to amend the complaint to add the IGC, Madayag and Drohosky was on November 17, 2010, and the complaint was not successfully filed until November 30, 2010 (more than two years after the alleged false arrest). Accordingly, Williams' section 1983 claims against IGC, Madayag, and Drohosky were first filed after the statute of limitations for section 1983 claims elapsed, and the complaint must be dismissed unless it relates back to the original complaint under Federal Rule of Civil Procedure 15(c).[4]

Rule 15(c) provides the following:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied

---

[4] Defendants IGC, Madayag and Drohosky assert that Plaintiff has an obligation to allege facts supporting relation back at the time she seeks leave to amend her complaint, and that she cannot now argue that the complaint relates back. IGC, Madayag and Drohosky do not, however, provide this Court with any law showing that the Plaintiff may not argue relation back now. This Court will not do the parties work for them and this argument is considered waived. *See Donnelly v. Chicago Park Dist.*, 417 F.Supp.2d, 992, 993-94 (Feb. 24, 2006).

>                    and if, within the period provided by Rule
>                    4(m) for serving the summons and complaint,
>                    the party to be brought in by amendment:
>                         (i) received such notice of the
>                         action that it will not be
>                         prejudiced in defending on the
>                         merits; and
>                         (ii) knew or should have known that
>                         the action would have been brought
>                         against it, but for a mistake
>                         concerning the proper party's
>                         identity.

Fed. R. Civ. P. 15(c).

The initial complaint was filed on June 30, 2010, within the two year statute of limitations. Under Rule 4(m), Williams was allowed 120 days to serve Defendants. Williams' 120 days would have elapsed on October 28, 2010. Accordingly, the question this Court must decide is whether Defendants Madayag and Drohosky "received such notice of the action that it will not be prejudiced in defending on the merits" before October 28, 2010, and "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

Plaintiff argues that the reference to "Officer States (Badge #108)" in the initial complaint constitutes naming Officer Myiesha Spates as a Defendant, and somehow constitutes notice to not only Spates, but also IGC, Madayag, and Drohosky. According to Plaintiff, Spates was an employee of IGC and therefore its agent, and notice to Spates constitutes notice to IGC. Myiesha Spates was not named as a Defendant with any specificity in the initial complaint. Even when Spates was later identified in the amended

complaint, the amended complaint still attempted to save a place for the officer with badge number 108 by naming "John Doe, (Badge #108)." Apparently, Spates was not the officer with badge number 108 after all. The mere naming of Officer States in the original complaint, without service or any other notice to Myiesha Spates, cannot support Williams' theory that IGC and its employees had the notice contemplated by Federal Rule of Civil Procedure 15(c). The plaintiff points to nothing showing that Spates, Madayag, Drohosky or IGC had notice of this action prior to October 28, 2010, 120 days after the original complaint was filed.[5] Without a showing of some notice, and a showing that these Defendants should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity, the complaint cannot relate back. Fed. R. Civ. Pro. 15(c).

Williams also cites a number of cases in which relation back was allowed due to an identity of interest between the originally named defendants and subsequently named defendants. Unfortunately,

---

[5] Plaintiff notes that in his February 1, 2011, order allowing Counsel for Myiesha Spates to withdraw from this case, Magistrate Judge Cherry ordered that the time limit for Plaintiff to serve Myiesha Spates pursuant to Federal Rule of Civil Procedure 4(m) would be calculated from the date of his order. Plaintiff cites to this fact, but also concedes that the new defendant must have received notice of the institution of the action within 120 days of the filing of the initial compliant. Whatever time Magistrate Cherry allowed for Plaintiff to serve Myiesha Spates is not relevant to the question of whether the complaint relates back because Myiesha Spates was not named with any specificity until the filing of the amended complaint on November 30, 2010.

Williams fails to develop this argument. She stops short of alleging that there is an identity of interest between Horseshoe and IGS, and *that* is the only identity of interest that could support a finding that the amended complaint relates back. To the extent she is suggesting that an identity of interest between Myiesha Spates and IGC supports relation back, she is mistaken, because this Court has already noted that Myiesha Spates was not named with sufficient specificity in the initial complaint.

Although all of Plaintiff's claims are barred by the two year statute of limitation governing section 1983 claims, IGC, Madayag and Drohosky nonetheless addresses the merits of Williams' claims under the First, Eighth and Fourteenth amendments separately. IGC, Madayag and Drohosky's entire argument for why these claims should be dismissed is as follows:

> It should be noted that the Plaintiff's First (claiming a privacy right in her personal effects) and Fourteenth Amendment (claiming no due process was afforded to her during the detention) claims arising under the facts alleged in her Amended Complaint are unavailing. The facts of this case give rise only to Fourth Amendment claims. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009)(stating, "[h]ere, Brooks' complaints about the conduct of the defendant officers leading to his 2004 arrest are merely improper attempts to recast his untimely unlawful arrest claim as a due process claim." The Plaintiff also brings an Eighth Amendment claim. The Eighth Amendment claim is improper under the context of the facts alleged because the Eighth Amendment is concerned with treatment of post-trial detainees, after the state has obtained conviction. *Ingraham v.*

*Wright*, 430 U.S. 651, 671-72 n. 40(1977).

(DE 32 at 8). Nothing more is provided, and Williams does not address these argument in her response at all. Williams' claims under the First, Eighth and Fourteenth amendment may warrant dismissal on the grounds referenced above, but IGC, Madayag and Drohosky have not sufficiently developed these arguments, and this Court will not do the parties work for them. *Donnelly*, 417 F.Supp.2d at 993-94. In this circumstance, the failure to develop these arguments has no effect on the outcome as all claims against the moving defendants must be dismissed on other grounds.

John Doe Defendants

Plaintiff concedes in her brief that the naming of John Doe Defendants as a placeholder is pointless. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Accordingly, the John Doe Defendant is **ORDERED STRICKEN**.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Defendants Indiana Gaming Commission, Madayag, and Drohosky with prejudice.

**DATED: September 16, 2011**          /s/ RUDY LOZANO, Judge
                                       **United States District Court**